### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-265-HAB |
| | ) | |
| DEPARTMENT OF CHILD SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, believes that the Indiana Department of Child Services ("DCS") wrongfully placed her grandson in a home other than her own. She believes that the placement was motivated, at least in part, by racial animus. She brings this lawsuit, seeking up to $1.5 million, to address DCS' conduct.

DCS has now moved twice to dismiss Plaintiff's claim. (ECF Nos. 14, 18). In its most recent filing, DCS cites to Plaintiff's violation of Fed. R. Civ. P. 8(a)(1) and Eleventh Amendment immunity as its basis for dismissal. (ECF No. 19 at 4–5). DCS also asks the Court to strike Plaintiff's Second Amended Complaint. (*Id*. at 2–4). Plaintiff has responded (ECF No. 20), arguing that her most recent complaint establishes jurisdiction. Alternatively, she asks for additional time to file a further amendment should her Second Amended Complaint be dismissed.

**I.      Motion to Strike**

Amendment of pleadings is governed by Fed. R. Civ. P. 15(a). The Rule provides, in pertinent part:

> (1)      Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>          (A)      21 days after serving it, or

> (B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2)     Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Second Amended Complaint was filed two weeks after DCS' first motion to dismiss. It was, then, timely under F.R.C.P. 15(a)(1)(B). Even so, DCS asserts that Plaintiff was not entitled to file an amendment as of right because she had previously amended her complaint. Because the second amendment was also filed without DCS' consent or leave of court, DCS moves to strike the amendment.

DCS is correct. In August, this Court ordered Plaintiff to amend her complaint to remove identifying information of a minor. (ECF No. 10). Plaintiff complied with that order but did more. (*See* ECF No. 11). She not only removed the identifying information, but effectively re-wrote the pleading, including "additional acts" that were not included in the original complaint. (*Cf.* ECF Nos. 1, 11). This was more than a technical amendment; it was an entirely new pleading.

"Rule 15(a) says that a party may amend its complaint once as a matter of course. After that, leave to amend depends on persuading the judge that an amendment would solve outstanding problems without causing undue prejudice to the adversaries." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1109 (7th Cir. 2014). Had Plaintiff's first amendment only removed the minor's identifying information, it might not qualify as an amendment for the purposes of Rule 15(a). *But see Rogers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203–04 (7th Cir. 1985) (holding that Rule 15(a) does "not distinguish between technical and substantive amendments"). As it is, the Second Amended Complaint was just that, requiring either DCS' consent (which she did not have) or leave of court (which she did not request).

That said, the Court sees no reason beyond formalism to strike the Second Amended Complaint. "In addition to viewing a *pro se* complaint with an understanding eye, a district court may point a *pro se* litigant toward the correct procedure or take appropriate measures to permit the adjudication of *pro se* claims on the merits." *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quotations omitted). DCS does not allege that it is prejudiced by the second amendment, and the Court can discern no possible prejudice. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 960 (N.D. Ill. 2013) ("In deciding whether to permit an amendment, a court is required to consider any potential prejudice to the non-movant."). Moreover, the second amendment does not appear to substantively change the complaint. Instead, it appears to be little more than an updated statement of facts, incorporating recent developments. And, as discussed below, the second amendment does not change the jurisdictional analysis. The Court *could* strike the second amendment, but it will not do so.

## II.    Motion to Dismiss

No matter which complaint the Court considers, Plaintiff's suit suffers a fatal flaw: DCS cannot be sued in federal court.  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment not only bars suits against states in federal court brought by citizens of another state, but also suits brought by citizens of the state. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). The Supreme Court has stated that "[t]his express constitutional limitation denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945). This immunity rests on a two-part supposition: (1) "each State is a sovereign

entity in our federal system," and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans*, 134 U.S. at 10).

Plaintiffs' claims against DCS are claims against the State of Indiana, to which Eleventh Amendment immunity applies. *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). However, there are three exceptions to  immunity: suits against state officials seeking only prospective equitable relief, *Ex parte Young*, 209 U.S. 123, 159–60 (1908); where Congress has abrogated a state's immunity through an unequivocal exercise of valid legislative power, *Alden v. Maine*, 527 U.S. 706, 756 (1999); and a state's waiver of immunity and consent to suit in federal court. *See Coll. Sav. Bank v. Flor. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); *see also Lapides v. Bd. of Regents of Univ. System of Geor.*, 535 U.S. 613 (2002) (state's removal of suit to federal court amounted to waiver of Eleventh Amendment immunity in that suit).

None of the three exceptions appear to apply here. Plaintiff does not seek prospective equitable relief; she seeks money damages. (ECF No. 16 at 5). The State of Indiana has not waived immunity in this case, nor has it consented to suit. Finally, Congress has not abrogated Indiana's immunity. The Eleventh Amendment bars Plaintiff's suit; the suit as currently presented can only be pursued in an Indiana state court. Dismissal is appropriate.

## III.    Plaintiff will be Given an Opportunity to Amend

Seemingly recognizing the legal flaws in her complaint, Plaintiff requests the opportunity to "repair" any problems with the complaint. With the Second Amended Complaint dismissed, Plaintiff no longer has a right to amend her complaint as a matter of course. *See* Fed.R.Civ.P. 15(a)(1) (right to amend expires 21 days after service of defendant's motion to dismiss under Rule

4

12(b)). Ordinarily, however, a plaintiff whose complaint has been dismissed under Rule 12(b) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. The Seventh Circuit has said this repeatedly. *E.g.*, *Luevano v. Wal–Mart Stores, Inc*., 722 F.3d 1014, 1024 (7th Cir. 2013); *Bausch v. Stryker Corp*., 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 & n. 3 (7th Cir. 2004) (collecting cases). Rule 15(a)(2) governs when court approval is needed to amend a pleading: "[t]he court should freely give leave [to amend] when justice so requires." *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

When the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment, just as when an amendment has been unduly delayed or would cause undue prejudice to other parties. *See, e.g.*, *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *James Cape & Sons Co. v. PCC Construction Co*., 453 F.3d 396, 400–01 (7th Cir. 2006); *see also Foman*, 371 U.S. at 182 (leave to amend may be denied based on futility, undue delay, undue prejudice, or bad faith). However, those situations are "rare." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

The Court finds the amendment question to be a close one. For the reasons set forth above, the Court seriously doubts whether Plaintiff can state a claim against DCS that would avoid an Eleventh Amendment issue. And even if she could, she would be left with the fundamental problem of the state not being a "person" for the purposes of § 1983. *Will v. Mich. Dep. of State*

*Police*, 491 U.S. 50, 71 (1989). These are significant hurdles, ones that Plaintiff likely cannot surmount.

Left to its own devices, the Court would likely deny Plaintiff the right to amend. However, that decision would "carr[y] a high risk of being deemed an abuse of discretion." *Runnion*, 786 F.3d at 518. The Court sees little utility in exposing the parties to a lengthy and costly appeal, only to have the case remanded to the pleading stage. As such, the Court will permit Plaintiff one more try to state a claim. The Court implores Plaintiff to carefully consider the issues set forth in this Opinion and give thought as to whether she has a claim that can be pursued against DCS in this forum.

## IV.    Conclusion

For these reasons, DCS' Motion to Strike is DENIED. Its Motion to Dismiss for Lack of Jurisdiction is GRANTED. Plaintiff is ORDERED to file any further amended complaint on or before November 26, 2021.

SO ORDERED on October 26, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT